# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **AUNDREA S. BROOKS,**  Plaintiff,  v.  **STATE OF UTAH,**  Defendant. | **MEMORANDUM DECISION AND ORDER**  **Case No. 2:19-cv-00420-DB-PMW**  **District Judge Dee Benson**  **Chief Magistrate Judge Paul M. Warner** |

This case was referred to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court notes that Plaintiff Aundrea S. Brooks ("Plaintiff") is proceeding pro se in this case. Consequently, the court will construe Plaintiff's pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). The court also notes that Plaintiff has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Before the court is (1) the review of Plaintiff's complaint[3] under the authority of the IFP Statute, (2) Plaintiff's motion for service of process,[4] and (3) Plaintiff's motion for a status conference.[5]

---

[1] *See* ECF nos. 5, 7.

[2] *See* ECF no. 2.

[3] *See* ECF no. 3.

[4] *See* ECF no. 8.

[5] *See* ECF no. 9.

## I. Review of Plaintiff's Complaint Under IFP Statute

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

Even when the court liberally construes Plaintiff's complaint, the court concludes that Plaintiff has failed to provide enough well-pleaded factual allegations to support the claims for relief alleged in the complaint. Plaintiff provides only conclusory allegations and fails to provide any sufficiently detailed factual allegations that would allow the court to determine whether Plaintiff's claims should survive dismissal.

For those reasons, the court concludes that Plaintiff's current complaint fails to state claims upon which relief can be granted. At the same time, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Accordingly, Plaintiff is hereby provided with an opportunity to amend the current complaint in this action. Plaintiff shall file an amended complaint that complies with the requirements set forth in the above-referenced authorities on or before April 24, 2020. Failure to do so will result in a recommendation to Judge Benson that this action be dismissed.

**II.     Plaintiff's Motion for Service of Process**

When a case is proceeding under the IFP Statute, the officers of the court are required to issue and serve all process and perform all duties related to service of process. *See* 28 U.S.C. § 1915(d). At the same time, as indicated above, the IFP Statute allows the court to review the complaint in such a case to determine whether it should be served upon the named defendant(s) or dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). In this case, the court has not yet completed the review of Plaintiff's forthcoming amended complaint and, consequently, has not yet determined whether that amended complaint should indeed be served on the named defendant. For that reason, Plaintiff's motion for service of process[6] is DENIED. The court will review Plaintiff's forthcoming amended complaint and determine whether it should be served on the named defendant. It is unnecessary for Plaintiff to take any further action to trigger that process.

**III.    Plaintiff's Motion for Status Conference**

In this motion, Plaintiff provides no basis for the court to hold a status conference. Accordingly, this motion[7] is DENIED.

IT IS SO ORDERED.

DATED this 31st day of March, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[6] *See* ECF no. 8.

[7] *See* ECF no. 9.